IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DASHOTTA/DATRAN LION/JONES                                              PLAINTIFF

v.                              Civil No. 6:21-CV-06090

DR. JOHN DOE and WARDEN WATSON                                        DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to identify Defendant Dr. John Doe and Defendant Watson's Motion for Summary Judgment on the Issue of Exhaustion. (ECF No. 30).

Plaintiff's Complaint was transferred after pre-service screening from the Eastern District on May 24, 2021. (ECF Nos. 18, 20). As the sole remaining Defendant in the case was Dr. John Doe, the Clerk was directed to add Warden Watson as a Defendant for the purpose of serving the case. (ECF No. 22). Defendant Watson is not a real party in interest to this case, and was to be dismissed after Plaintiff ascertained Dr. John Doe's identity through the discovery process. (*Id*.).

The Court entered an Initial Scheduling Order on July 7, 2021. (ECF No. 26). Plaintiff was directed to provide the identity of Dr. John Doe by October 5, 2021. (*Id*. at 2). He was advised that failure to provide the identity of Dr. John Doe by that deadline would result in the dismissal of Dr. John Doe as a party from the case. (*Id*.). Just prior to that deadline, Defendant Watson filed

1

his Motion for Summary Judgment on the Issue of Exhaustion on September 28, 2021. (ECF No. 30). Plaintiff filed his Response the Motion on October 25, 2021. (ECF No. 37).

A plaintiff generally shoulders the responsibility to serve a copy of his complaint and the summons upon a defendant within the time provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(c)(1). However, in the case of a plaintiff proceeding *in forma pauperis*, like Plaintiff in this case, the Court is obligated to issue process to a United States Marshal, who must then effectuate service upon the defendant. *See* 28 U.S.C. § 1915(c). Although Plaintiff is relieved of the responsibility for service of a summons and complaint, he must still provide the Court with enough information to enable the United States Marshal to effectuate service of process on a defendant. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993).

Here, the case was served upon Defendant Watson in order to provide Plaintiff with access to the case discovery process so that he could identify Defendant Dr. John Doe for service. To date, Plaintiff has failed to do so, and the deadline to identify this Doe Defendant was October 5, 2021. Accordingly, Defendant Dr. John Doe should be DISMISSED as a party in this case.

As Defendant Watson was added only for the purpose of serving this case, his Motion for Summary Judgment (ECF No. 30) was improvidently filed, and it is recommended that it be DENIED AS MOOT. It is further recommended that Defendant Watson be DISMISSED as a party in this case.

As there are no further Defendants remaining in this case, and the deadline to add any additional Defendants was October 5, 2021, it is recommended that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **14th day of March 2022**.

/s/ *Barry A. Bryant*
———————————————
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE